**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. JOHN DOE, *Defendant-Appellant.* | No. 14-10147 D.C. No. 3:95-cr-00319- MMC-7 ORDER |

Filed October 21, 2016

Before: M. Margaret McKeown, Kim McLane Wardlaw, and Richard C. Tallman, Circuit Judges.

**ORDER**

The opinion filed on August 9, 2016, appearing at 2016 WL 4191523, is hereby amended as follows:

> At slip op. page 8 n.3, change "We also reject Doe's argument that judicial estoppel prevents a court from taking inconsistent positions; judicial estoppel is a doctrine that applies to the parties, not the court. *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001). In any event, we disagree with Doe's premise that the court acted inconsistently." to "We also

reject Doe's arguments that judicial estoppel prevents a court from taking inconsistent positions, and that his due process rights were violated. First, judicial estoppel is a doctrine that applies to the parties, not the court. *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001). In any event, we disagree with Doe's premise that the court acted inconsistently. Second, a trial court violates a defendant's due process rights only "by relying upon materially false or unreliable information at sentencing." *United States v. Hanna*, 49 F.3d 572, 577 (9th Cir. 1995) (citing *United States v. Kerr*, 876 F.2d 1440, 1445 (9th Cir. 1989)). Not only was Doe not "at sentencing," but also, the trial court relied on facts to which the parties had stipulated, including Doe's sworn plea agreement admitting solicitation of murder, as well as a government document showing Doe later backed away from that admission. Though some of the information was conflicting, it was not "materially false or unreliable information." *See id.* at 578 (finding due process violation where sentencing court relied upon the "uncorroborated and unreliable" allegations of a co-defendant who "presumably wanted revenge" on defendant)."

With this amendment, the panel has voted to deny the petition for panel rehearing and the petition for rehearing en banc.

The full court has been advised of the petition for rehearing and rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc.  Fed. R. App. P. 35.

The petition for panel rehearing and petition for rehearing en banc are **DENIED**.  No further petitions for en banc or panel rehearing shall be permitted.